UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON TUCKER,

Plaintiff,

vs.

Case No. 12-cv-13414
HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. # 18), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 16) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. # 11)

INTRODUCTION

This case, in which plaintiff Jason Tucker seeks review of the Commissioner of Social Security's denial of his application for benefits, is before the court on the parties' cross-motions for summary judgment. The magistrate judge has filed her report and recommendation to deny plaintiff's motion for summary judgment and grant that of the defendant. Plaintiff has filed his objections to the report and recommendation. Because the court is convinced that substantial evidence supported the decision of the ALJ, the magistrate judge's report and recommendation will be adopted and the plaintiff's objections will be overruled as set forth below.

DISCUSSION

Plaintiff Jason Tucker applied for both child's disability benefits and Supplemental Security Income in June 2010, alleging that he had been disabled since March 1, 1994.

After the claims were denied by the agency, plaintiff requested a hearing before an administrative law judge (ALJ). That hearing was held in October of 2011, and the ALJ's decision issued in December 2011. The ALJ's decision finding that plaintiff was not disabled under the Social Security Act was not reviewed by the Appeals Council, which made it the agency's final decision. Plaintiff then filed this action for judicial review.

The court will not reiterate all of the factual background in its decision but will address the background pertinent to plaintiff's objections. Plaintiff's first objection concerns the weight attributed by the ALJ to the records of Dr. Vallabhaneni, whom plaintiff visited twice. The ALJ stated that:

> the undersigned has given very little weight to the opinions offered by Aparna Vallabhaneni, M.D. On August 10, 2011, Dr. Vallabhaneni evaluated the claimant and assessed his physical RFC. Her conclusions that indicate that the claimant is significantly limited and likely to miss more than three days of work per month are not consistent with the claimant's description of his daily activities or with the rest of the objective medical evidence.

(A.R. at 20.) Plaintiff argues that Dr. Vallabhaneni was his treating physician, and that Dr. Vallabhaneni's report concerning his functional capacity[1] is thus entitled to "special or

---

[1]This report is a form faxed by plaintiff's counsel to Dr. Vallabhaneni on October 7, 2011 "for Mr. Tucker's SS hrg on 10/25." In that form, Dr. Vallabhaneni diagnosed plaintiff with "low back pain." Dr. Vallabhaneni checked the box "frequently" in response to the question "[h]ow often is your patient's experience of pain sufficiently severe to interfere with attention and concentration?," checked the box "yes" in response to the question of whether her patient's impairments could be "expected to last at least 12 months," and indicated that plaintiff could walk 2-3 blocks, could sit continuously for 45 minutes, stand continuously for 10, and sit at least 6 hours in an eight-hour workday and stand/walk less than 2 hours in an eight-hour workday (with normal breaks). Dr. Vallabhaneni also indicated that plaintiff needed to walk every 15 minutes, and that he needed a "job which permits shifting positions at will from sitting, standing or walking." Finally, plaintiff points to Dr. Vallabhaneni's indication that he was limited to lifting/carrying less than 10 pounds only occasionally, and that, based on his impairments, plaintiff could be expected to be absent from work about 3 times a month. (AR at 222-26.)

complete" deference, citing 20 C.F.R. § 416.927(c)(2); Wilson v. Comm'r of Social Security, 278 F.3d 541, 544 (6th Cir. 2004).

The court acknowledges that the ALJ only briefly addressed Dr. Vallabhaneni's records. However, the court agrees with the magistrate judge that the ALJ was not required to consider Dr. Vallabhaneni a "treating source" under applicable regulations. In fact, as quoted by defendant, the relevant regulatory language that explains why treating source opinions are generally given more weight describes how the more involved relationship between treater and patient allows the source to "provide a detailed, longitudinal picture of your medical impairment(s)...." See 20 C.F.R. § 404.927(c)(2). The picture of plaintiff's medical impairment as presented by Dr. Vallabhaneni was neither "detailed" nor "longitudinal." The form filled out at plaintiff's counsel's request provides a cursory opinion of plaintiff's situation, and the court sees no information in the record about why, for instance, the doctor feels plaintiff would miss three days of work a month. Nor do the other records of Dr. Vallabhaneni (the second of which mostly addresses plaintiff's complaint of headaches), shed any light on the reasons for such an opinion, which the court agrees does conflict with an MRI showing only "mild/minimal" abnormalities. See 20 C.F.R. § 404.927(c)(2)-(6). While the court recognizes that in another situation two visits could *possibly* create a treating source relationship, this particular set of circumstances did not. See, e.g. Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 514 (6th Cir. 2006).

In plaintiff's second objection, he includes an excerpt from the ALJ's decision, which he asserts is internally inconsistent and "fatally flawed." He points to a sentence in which the ALJ describes the difference between the objective medical evidence and the claimant's allegations of pain. He then highlights a sentence in the next paragraph that

reads: "[s]uch phenomena could be expected to reasonably account for the claimant's reported level of pain and alleged loss of function." (AR at 19.) Plaintiff is arguing that the ALJ actually determined that the medical evidence in the record *supported* his allegations. However, it is clear to the court that just the opposite was intended by the ALJ. As noted by the magistrate, just before the sentence concerning the "phenomena" is one that reads "[n]o focal disc herniation or spinal canal or significant neural foraminal stenosis were noted." Id. No other "phenomena" was described in the paragraph. Although the writing could have been more precise, there is no doubt as to the ALJ's meaning: that plaintiff's described limitations were exaggerated and not supported by the record.

Finally, plaintiff again argues that Dr. Vallabhaneni's opinion was entitled to special weight and should have been the determining factor in assessing the plaintiff's residual functional capacity. For the reasons given above, the court finds the magistrate judge correctly determined substantial evidence supported the determination of the ALJ.

The court has carefully reviewed the record, the decision of the ALJ, and the magistrate judge's report and recommendation in this matter. The magistrate judge conducted an thorough review of plaintiff's arguments and concluded that they did not provide a basis for reversing the ALJ's decision, which was supported by substantial evidence. The court is in agreement and, accordingly, accepts the magistrate judge's recommendation. Therefore,

IT IS ORDERED that the magistrate judge's report and recommendation is accepted as the findings and conclusions of this court.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is GRANTED and plaintiff's motion for summary judgment is DENIED for the reasons given

in the magistrate judge's report and recommendation. Judgment will enter for the defendant.

**IT IS SO ORDERED**.

Dated: September 19, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 19, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Deputy Clerk